IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
BRUNSWICK DIVISION

FILED
U.S. DISTRICT COURT
BRUNSWICK DIV.
2013 NOV -1 A 11: 29
CLERK_____
SO. DIST. OF GA.

DONALD WILSON,

    Plaintiff,

v.

UNITED STATES OF AMERICA,

    Defendant.

CIVIL ACTION NO.: CV213-083

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff filed a cause of action against the United States of America pursuant to the Federal Tort Claims Act, 28 U.S.C. § 2671, *et seq.* ("FTCA"), and alleged that he was injured while he was housed at the Federal Correctional Institution in Jesup, Georgia ("FCI Jesup"). Defendant filed a Motion to Dismiss, and Plaintiff filed a Response. For the reasons which follow, Defendant's Motion should be **GRANTED**.

## STATEMENT OF THE CASE

Plaintiff asserts that he received a lower bunk profile while he was housed in a federal facility in Tallahassee, Florida, after he had a fall. Plaintiff also asserts that, upon his transfer to FCI Jesup, he was placed in a third-tier bunk. Plaintiff alleges that he showed the case manager his lower bunk profile but was still placed in a third-tier bunk. Plaintiff contends that he attempted to come down from his bunk for count and fell to the floor because something was placed against the ladder. Plaintiff also contends that he injured his foot and back as a result of his fall. Plaintiff contends that

Bureau of Prisons' ("BOP") officials acted negligently in placing him in a third-tier bunk because he had a lower bunk profile and was over the age of 65 at the time of the incident.

Defendant asserts that Plaintiff's Complaint should be dismissed because this Court lacks subject matter jurisdiction over his claim.

## DISCUSSION AND CITATION TO AUTHORITY

The purpose of the FTCA is to "'provide redress for ordinary torts recognized by state law.'" Stone v. United States, 373 F.3d 1129, 1130 (11th Cir. 2004) (quoting Ochran v. United States, 273 F.3d 1315, 1317 (11th Cir. 2001)). The FTCA is a limited waiver of sovereign immunity rendering the federal government liable to the same extent as a private party. United States v. Orleans, 425 U.S. 807, 813 (1976). There are exceptions to the FTCA's waiver of sovereign immunity, and, of import in this case, is 28 U.S.C. § 2680(a), or the discretionary function exception. The FTCA does not apply to:

> Any claim based upon an act or omission of an employee of the Government, exercising due care, in the execution of a statute or regulation, whether . . . such statute or regulation be valid, or based upon the exercise or performance or the failure to exercise or perform a discretionary function or duty on the part of a federal agency or an employee of the Government, whether . . . the discretion involved be abused.

28 U.S.C. § 2680(a). "If the discretionary function exception applies, the FTCA claim must be dismissed for lack of subject matter jurisdiction." Lambert v. United States, 198 F. App'x 835, 839 (11th Cir. 2006). A two-part test is used to determine whether the discretionary function exception applies, and thus, whether a cause of action against the United States is barred. First, "the nature of the conduct" is considered, and then it is

AO 72A
(Rev. 8/82)

determined "whether [the conduct] involves an element of judgment or choice." Cohen v. United States, 151 F.3d 1338, 1341 (11th Cir. 1998) (internal punctuation and citation omitted). "Government conduct does not involve an element of judgment or choice, and thus is not discretionary, if 'a federal statute, regulation, or policy specifically prescribes a course of action for an employee to follow, because the employee has no rightful option but to adhere to the directive.'" Id. (quoting Ochran v. United States, 117 F.3d 495, 499 (11th Cir. 1997)). Second, "if the conduct at issue involves the exercise of judgment, [a court] must determine whether that judgment is grounded in considerations of public policy." Id. "In making this determination, [courts] do not focus on the subjective intent of the government employee or inquire whether the employee actually weighed social, economic, and political policy considerations before acting." Id. Instead, courts "focus on the nature of the actions taken and on whether they are susceptible to policy analysis." Id.

Defendant avers that the discretionary function exception applies in this case. Defendant contends that, if the BOP has discretion in assigning an inmate to a certain facility and designating the inmate with a certain security classification, the BOP has even more discretion in making housing and bunk assignments within a facility. Defendant asserts that the BOP has no official policies for determining which cell and bunk an inmate is assigned, and such discretion remains with BOP officials at each BOP facility. Defendant also asserts that the decision to honor a lower bunk pass involves an element of judgment or choice because there is no statute, regulation, or policy which specifically mandates a BOP employee's course of action in making bunk assignment decisions. Defendant further asserts that Congress intended to give BOP

3

officials significant latitude in decision-making for the orderly administration of federal prisons. Plaintiff contends that his injury would not have occurred if prison officials had accepted his lower bunk profile, which was compulsory.[1]

In Cohen, which concerned the plaintiff's assertions regarding classification issues and an assault at the hands of another prisoner, the Eleventh Circuit Court of Appeals noted that, "even if [18 U.S.C.] § 4042 imposes on the BOP a general duty of care to safeguard prisoners, the BOP retains sufficient discretion in the means it may use to fulfill that duty to trigger the discretionary function exception." 151 F. 3d at 1342. In other words, "even though a statute or regulation imposes a general duty on a government agency, the discretionary function exception may still apply if the agency retains sufficient discretion in fulfilling that duty." Id. The Eleventh Circuit specifically rejected the argument that § 4042 sets forth "any required nondiscretionary actions[ ]" and that this statute "imposes a non-discretionary duty of care on the BOP which removes this case from the discretionary function exception." Id. at 1343.

The Eleventh Circuit also looked to 18 U.S.C. § 4081 in Cohen, which provides that: "the proper classification and segregation of Federal prisoners according to the nature of the offenses committed, the character and mental condition of the prisoners, and such other factors as should be considered in providing an individualized system of discipline, care, and treatment of the persons committed to such institutions." Id. (quoting 18 U.S.C. § 4081). The Court determined that this statute does not "mandate a

---

[1] Plaintiff cites to Bultema v. United States, 195 F. Supp.2d 1001 (N.D. Ohio 2002), in support of his position. However, this decision was reversed on appeal by Bultema v. United States, 359 F.3d 379, 384–85 (6th Cir. 2004), for the limited reason that the particular mandatory notification policy for a bottom bunk profile may have been negligently followed and led to the plaintiff's injuries. There is no evidence— only Plaintiff's bare assertion—that there was a policy in place at FCI Jesup regarding lower bunk profiles which mandated compliance.

4

specific, non-discretionary course of conduct in classifying prisoners[ ]", but this statute does "give the BOP ample room for judgment[.]" Id. The Eleventh Circuit also determined that the BOP's decision-making authority regarding how to classify prisoners is "part and parcel of the inherently policy-laden endeavor of maintaining order and preserving security within our nation's prisons." Id. at 1344 (citing Bell v. Wolfish, 441 U.S. 520, 547 (1979)).

Plaintiff's placement in a third-tier bunk is within the mandates of 18 U.S.C. §§ 4042 and 4081. This is the type of action for which the BOP has wide discretion in determining how these statutes are implemented within a penal institution. The allegations regarding Plaintiff's placement in a different bunk category fall within the discretionary function exception to the FTCA. Harper v. United States, No. 5:08-CV-403, 2009 WL 3190377 (E.D. Ky. Sept. 30, 2009) (the BOP's decisions regarding bunk assignments are grounded in policy considerations and fall within the discretionary function exception to the FTCA and must be dismissed); Chavez v. Driver, No. C-04-618, 2005 WL 1879053 (S.D. Tex. Aug. 9, 2005) (finding that the plaintiff failed to set forth any rule or regulation which mandated bottom bunk placement based on pre-existing injuries and that bunk placement decisions clearly fall within the discretionary function exception).

AO 72A
(Rev. 8/82)

## CONCLUSION

Based on the foregoing, it is my **RECOMMENDATION** that Defendant's Motion to Dismiss be **GRANTED**. It is also my **RECOMMENDATION** that Plaintiff's Complaint be **DISMISSED**.

**SO REPORTED** and **RECOMMENDED**, this 1st day of November, 2013.

JAMES E. GRAHAM
UNITED STATES MAGISTRATE JUDGE

AO 72A
(Rev. 8/82)